State
vs. }Ind. No. 15712.
William D'Agostino et al.

January 28, 1931.

WALSH, J. Heard on defendant's motion for new· trial after verdict of guilty of transporting one Lucy E. Monse for prostitution. The motion for new trial is based upon the following grounds: (1) that the verdict is against the law; (2) that the verdict is against the evidence, and (3) that the verdict is against the law and the evidence and the weight thereof.

The indictment charges that on the,

to-wit, fifteenth day of June, 1930, at Johnston in the County of Providence, the defendant, William D'Agostino, and one Anthony De Sano, did secure, direct and transport one Lucy E. Monse for the purpose of prostitution and other lewd and indecent acts. The proof introduced by the State showed that on the evening of June 14th, Mrs. Monse, a respectable married woman, a mother of four children, living in South Attleboro, Mass., had arranged to meet some friends of hers and of her husband at the dance hall at Crescent Park; that Mrs. Monse waited in the dance hall at Crescent Park for these friends until some time after 9 p. m.; that the friends did not appear and Mrs. Monse left the dance hall and went to the bus terminal and took a seat in a bus whose destination was Pawtucket, intending to go to her home in South Attleboro; that the operator of the bus informed Mrs. Monse that the bus would not leave ·Crescent Park until after the dance was over; that as Mrs. Monse was leaving the bus she was accosted by the two defendants who invited her to ride to her home with them in an automobile; that after some hesitation on Mrs. Monse's part, the defendants informed her that they were gentlemen and would take her to her home and Mrs. ·Monse entered the automobile with them; that Mrs. Monse had her suspicions aroused for the first time when she noticed that the road was a strange one to her, whereupon she asked the two young men where they were and they informed her that she was on the road to Moosup, ·Connecticut; that, at this time, the defendants were about to turn in to a gravelled road in a lonesome part of the Town of Johnston; that Mrs. Monse tried to leave the car here but was prevented from doing so by D'Agostino; that she was taken to a house on this road where beer was served; that she did not take any beer but asked De Sano to take her home;

that De Sano told her he would take her home if she would allow him to have sexual intercourse with her; that De Sano had sexual intercourse with her and then defendant, De Sano and herself entered the car. It was then after midnight; that on the way towards the city De Sano and D'Agostino grabbed her and forced her to take D'Agostino's private parts in her mouth; that when the two young men stopped the car, she rushed out, ran to a street car, got aboard the car and complained to the motorman of her treatment; that the motorman gave her a pencil to use in taking the registration number of the automobile; that she was taken to the Cranston car house in a disheveled and nervous condition; that the Cranston police were immediately notified and later the Johnston police.

Defendant, D'Agostino, testified that he was standing in front of the Arcadia on Washington street in Providence shortly after 8 p. m. on this evening when De Sano came along in this automobile and asked him to take a ride to Crescent Park; that he wanted to dance; that they went to the dance hall at Crescent Park and found it crowded; that they walked down along the beach at Crescent Park and out along the steamboat pier; that De-Sano accosted Mrs. Monse when D'Agostino was not in a position to hear the conversation between them; that Mrs. Monse accompanied them willingly for the purpose of having refreshments; that they went to this place in Johnston which was operated by a relative of De Sano; that Mrs. Monse went with them willingly; that D'Agostino tried to take liberties with Mrs. Monse but desisted when Mrs. Monse cried.

The jury believed Mrs. Monse, who was supported by Officer Camiglia and Chief Kimball; the story of the defence did not ring true, particularly his attempt to place the whole blame on his co-defendant, De Sano. No twelve sensible men could have come to a different conclusion after hearing the testimony and noting the bearing of the witnesses on the stand. Full justice has been done in this case and the motion of defendant for a new trial is denied.

For state: Benjamin M. McLyman and Edward W. Day.

For defendant: Louis V. Jackvony.